**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 10-437 DOC (RNBx)　　　　　　　　　　　　　Date: January 12, 2011

Title: FEDERAL DEPOSIT INSURANCE CORPORATION v. FREESTAND FINANCIAL HOLDING CORPORATION, ET AL

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Kathy Peterson</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT　　　　　　　　　　　　　　NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT

　　　　Before the Court is Defendants Jesse Allen Gee and Martha Gee (collectively "Defendants") Motion to Dismiss (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS IN PART and DENIES IN PART the Motion.

　　**I.**　　**Background**

　　　　The Federal Deposit Insurance Corporation ("FDIC") brings this action in its capacity as Receiver for Downey Savings and Loan Association, F.A. ("Downey"). FDIC's Second Amended Complaint ("SAC") alleges that Freestand Financial Holding Corporation ("Freestand") referred certain mortgage loan applications to Downey pursuant to a "Wholesale Loan Brokerage Agreement" (the "Agreement"). SAC ¶ 21. The Agreement was signed by Freestand's Secretary and majority shareholder, Martha Gee ("Martha"). Martha's husband, Jesse Allen Gee ("Jesse"), served as Freestand's President, and is also alleged to have been a majority shareholder of Freestand. *Id.* at ¶ 7. FDIC alleges that the Freestand entity was, in effect, an alter ego of Martha and Jesse Gee. *Id.* at ¶¶ 9-10.

Freestand submitted two loan applications to Downey that are the subject of the instant lawsuit.  First, Downey approved a mortgage loan to Phu Vinh Tieu ("Tieu") in the amount of $460,000 that was secured by a first lien deed of trust recorded against real property in St. Gilbert, Arizona.Tieu's loan application, whose veracity was allegedly certified by Freestand, Martha, Jesse, and one of Freestand's salespersons, overstated Tieu's income by about $11,500, which allegedly induced Downey to approve the loan.  *Id.* at ¶¶ 29-31.  Tieu defaulted on the loan and Downey lost $261,541 on a subsequent short sale of the real property.  *Id.* at ¶ 33.  Second, Downey approved a mortgage loan to Deborah Gaxiola ("Gaxiola") in the amount of $325,000 that was secured by a first lien deed of trust on real property in Avondale, Arizona.   SAC ¶ 37. Gaxiola's loan application and related documents, whose veracity were allegedly certified by Freestand, Martha, Jesse, one of Freestand's salespersons, and a property appraiser working with Downey, inflated Gaxiola's income by about $2000 per month and miscalculated the value of the real property used as security for the loan.  *Id.* at ¶ 43. defaulted on the loan and Downey lost $163, 132 in a subsequent foreclosure sale of the real property.

FDIC brings claims for (1) breach of contract; (2) negligence; (3) negligent misrepresentation; (4) fraud; and (5) unjust enrichment against Freestand, Martha, Jesse, and two salespersons formerly employed by Freestand.  The Court previously granted Defendants' Motion to Dismiss, finding that FDIC alleged its alter ego status-related claims and its unjust enrichment claim in a conclusory fashion, and that its claims for negligent misrepresentation and fraud failed to meet the heightened pleading requirements under Rule 9(b).  *See* October 13, 2010 Order Granting Motion to Dismiss.  Martha and Jesse once again move to dismiss, this time on the SAC.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).  Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Twombly*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  Allegations of fraud must be pled with particularity.  Fed. R. Civ. P. 9(b).

## III.    Discussion

FDIC's SAC alleges each of the claims with far greater detail than the First Amended Complaint, which the Court dismissed.  Appendix A to FDIC's Opposition is a red-lined version of the Complaint that reveals just how many factual additions were included for each of the claims.

      To the extent that the alter ego allegations were insufficient before, FDIC has alleged far greater detail than in the last complaint. As the Court noted in its last Order, "FDIC must still do more than supply "[c]onclusory allegations of 'alter ego' status" in order to state a claim." October 13, 2010 Order Granting Motion to Dismiss (citing *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003)). However, unlike in its last Complaint, the FDIC alleges more than a mere unity of interest between the Gees and Freestand, and provides great detail in support of that claim. *See* SAC ¶¶ 9- 14. Therefore, the breach of contract and negligence claims are adequately pled under an alter ego liability theory.

      As the Court noted in its prior Order, the FDIC's allegations in support of its claims for negligent misrepresentation and fraud must comply with Rule 9(b)'s requirements. *See Neilson*, 290 F. Supp. 2d at 1141 ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). The Court instructed FDIC to plead the claims with particularity and to provide the "who, what, when, where, and how" of the alleged fraudulent conduct. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The SAC has, indeed, pled far more detail, as Defendants concede. Nonetheless, as Defendants point out, the amended allegations "are not sufficient to satisfy Rule 9(b)'s standard because there is no indication of what role each defendant played in contributing to the allegedly wrongful act and what acts are attributed to each defendant." Reply Brief, 2 (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Thus, Defendants argue that they cannot identify what they have done as opposed to their co-defendants. The Court agrees; the FDIC must allege more specifically the role of each defendant.

      Finally, FDIC has not made any significant changes in its allegations for unjust enrichment. *See* SAC ¶¶ 80-84. Nonetheless, because it has sufficiently alleged the underlying claims of breach of contract and negligence, and has alleged sufficient facts under other portions of the Complaint, the FDIC has sufficiently alleged the necessary elements of (1) receipt of a benefit that was (2) unjustly retained at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).

### IV.    Disposition

      The Motion is GRANTED IN PART and DENIED IN PART. The Motion is DENIED as to the claims for negligence, breach of contract, and unjust enrichment, and is GRANTED as to the claims for fraud and negligent misrepresentation. The FDIC is given leave to amend those claims against Martha and Jesse for which the Motion is granted on or before January 24, 2011. Under no circumstance will the FDIC be given more time to amend.

      **The Clerk shall serve this minute order on all parties to the action.**