**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**                    O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-437 DOC (RNBx)                                    Date: August 15, 2011

Title: FEDERAL DEPOSIT INSURANCE CORPORATION v. FREESTAND FINANCIAL
HOLDING CORPORATION, ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  |  Not Present  |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO
DISMISS THIRD AMENDED COMPLAINT

Before the Court is Defendants Jesse Allen Gee and Martha Gee (collectively
"Defendants") Partial Motion to Dismiss the Third and Fourth Counts of the Third Amended Complaint
(the "Motion") (Docket 58).  The Court finds the matter appropriate for decision without oral argument.
Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying papers, the
Court GRANTS the Motion.

**I.      Background**

The Federal Deposit Insurance Corporation ("FDIC") brings this action in its capacity as
Receiver for Downey Savings and Loan Association, F.A. ("Downey").  FDIC's Third Amended
Complaint ("TAC") alleges that Freestand Financial Holding Corporation ("Freestand") referred certain
mortgage loan applications to Downey pursuant to a "Wholesale Loan Brokerage Agreement" (the
"Agreement").  The Agreement was signed by Freestand's Secretary and majority shareholder, Martha
Gee ("Martha").  Martha's husband, Jesse Allen Gee ("Jesse"), served as Freestand's President, which
allegedly enabled Jesse to "co-manage, co-train, and co-supervise" with Martha the employees.

Freestand submitted two loan applications to Downey that are the subject of the instant
lawsuit.  First, Downey approved a mortgage loan to Phu Vinh Tieu ("Tieu") in the amount of $460,000

MINUTES FORM 11 DOC                                    Initials of Deputy Clerk: jcb
CIVIL - GEN                                                Page 1 of 5

that was secured by a first lien deed of trust recorded against real property in St. Gilbert, Arizona. Tieu's loan application, whose veracity was allegedly certified by Freestand, Martha, Jesse, and one of Freestand's salespersons, overstated Tieu's income by about $11,500, which allegedly induced Downey to approve the loan.   Tieu defaulted on the loan and Downey lost $261,541 on a subsequent short sale of the real property.  Second, Downey approved a mortgage loan to Deborah Gaxiola ("Gaxiola") in the amount of $325,000 that was secured by a first lien deed of trust on real property in Avondale, Arizona. Gaxiola's loan application and related documents, whose veracity were allegedly certified by Freestand, Martha, Jesse, one of Freestand's salespersons, and a property appraiser working with Downey, inflated Gaxiola's income by about $2000 per month and miscalculated the value of the real property used as security for the loan.   Following a default on the loan, Downey lost $163, 132 in a subsequent foreclosure sale of the real property.

FDIC brings claims for (1) breach of contract; (2) negligence; (3) negligent misrepresentation; (4) fraud; and (5) unjust enrichment against Freestand, Martha, Jesse, and two salespersons formerly employed by Freestand.  The Court previously granted Defendants' first Motion to Dismiss, finding that FDIC alleged its alter ego status-related claims and its unjust enrichment claim in a conclusory fashion, and that its claims for negligent misrepresentation and fraud failed to meet the heightened pleading requirements under Rule 9(b).  *See* October 13, 2010 Order Granting Motion to Dismiss.  Following the filing of a Second Amended Complaint ("SAC"), the Court granted in part and denied in part Defendants' Motion to Dismiss the SAC, denying it as to most claims, but finding that the FDIC again failed to allege with the requisite specificity the claims for negligent misrepresentation and fraud.  *See* January 12, 2011 Order.  The FDIC filed its TAC, and Defendants move to dismiss those claims in the present Motion.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Twombly*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d

1279, 1282 (9th Cir. 1986).   Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).   "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Providing detailed notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Accordingly, "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citing *Semegen,* 780 F.2d at 731).  In addition, the "plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *see Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 540 (9th Cir. 1989) (holding that "[m]ere conclusory allegations of fraud are insufficient.")

### III.    Discussion

In its last Order, the Court explicitly warned the FDIC that its allegations in support of its claims for negligent misrepresentation and fraud must comply with Rule 9(b)'s requirements.  *See Neilson*, 290 F. Supp. 2d at 1141 ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").  The Court instructed FDIC to plead the claims of negligent misrepresentation and fraud against the Gees with particularity and to provide the precise "who, what, when, where, and how" of the alleged fraudulent conduct.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)*; see also* January 12, 2011 Order.

Defendants argue that the amended allegations continue to suffer from a lack of specificity, and, accordingly, "[t]here is no way for the Gees to tell what exactly they are alleged to have done versus what the co-defendants have done." Motion, 11.  As a result, Defendants insist that they continue to be unable to identify what they are alleged to have done and known as opposed to their co-defendants.  The FDIC contends that it "did exactly what the Court

requested" and has alleged sufficient specificity to meet Rule 9(b)'s heightened pleading standard. Opposition, 1. The Court disagrees. Though it is true that the TAC alleges far more facts than the SAC, the lack of specificity to meet the heightened pleading standard of Rule 9(b) persists. The TAC's greater detail clarifies the role of defendants Seeley and Nguyen–but does not adequately put the Gees on notice as to how to defend themselves. *See Semegen*, 780 F.2d at 731. For example, the TAC alleges particular facts as to how Seeley and Nguyen knew the final loan applications were inaccurate–but as to the Gees, merely avers in conclusory language that the Gees made the statements in the loan applications without reasonable grounds to know they were true. TAC ¶¶ 65, 72 (conclusorily alleging that all defendants, without further specificity, "made the material misrepresentations contained in the Tieu and Gaxiola loan applications knowing the fact stated therein were false."). These conclusory allegations cannot suffice to meet Rule 9(b)'s heightened pleading standard. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Indeed, in *Swartz*, the Ninth Circuit found that a purchaser of a failed tax shelter had failed to plead fraud with sufficient particularity to meet Rule 9(b) in a complaint against as bank and management services company who facilitated the alleged scheme. 476 F.3d 756. In that case, the plaintiff averred general allegations that the defendants had engaged in fraudulent conduct, but only alleged specific misconduct as to the accounting firm and law firm. The allegations against the bank and managing company were conclusory, as plaintiff alleged only that the accounting firm and law firm were making false statements. *Id.* The TAC is similarly conclusory as to the Gees; it does not provide any information as to how or why the Gees knew the relevant information to be false. The richer detail provided as to Seeley and Nguyen reveals a glaring lack of specificity as to the Gees.

As a result of the lack of specificity regarding the Gees' intent, role, and knowledge of the fraudulent content of their representations, the FDIC cannot succeed on its claims for fraud and negligent misrepresentation. *See Bear Valley Family v. BankMidwest, N.A.*, 2010 WL 3369600, at \*3 (C.D. Cal. 2010) (finding that a claim for negligent misrepresentation must include a misrepresentation without reasonable grounds for believing it to be true and with intent to induce reliance); *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (finding knowledge of falsity a necessary element of fraud).

This Court granted the FDIC leave to amend twice before this Motion, and, indeed, the FDIC has alleged far more detail than before, and is on the cusp of meeting the Rule 9(b) standard as to the Gees. The Court therefore gives one <u>final</u> chance to the FDIC to amend these claims with the requisite specificity needed to state claims for fraud and negligent misrepresentation against the Gees. The FDIC shall have 20 days from the date of this Order to

amend..

## IV.    Disposition


For the reasons stated above, the Motion to Dismiss the Third and Fourth Causes of Action as to defendants Jesse Allen Gee and Martha Gee is GRANTED.  Both parties' requests for judicial notice are hereby DENIED as MOOT.  The FDIC shall have 20 days from the date of this Order to amend.

The Clerk shall serve this minute order on all parties to the action.